IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-369-BO-RN

| | | |
|---|---|---|
| CLAUDIA SALAZAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| CROSSCOUNTRY MORTGAGE, LLC and | ) | |
| RALEIGH REALTY INC., | ) | |
| | ) | |
| Defendants. | ) | |

This cause comes before the Court on defendants' motions to dismiss plaintiff's amended complaint. [DE 20]; [DE 22]. Plaintiff has responded, defendants have replied, and in this posture the motions are ripe for disposition. For the reasons that follow, defendants' motions are denied.

BACKGROUND

In her amended complaint, plaintiff alleges claims against defendants for violation of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2601, *et seq.*, for violation of North Carolina's Unfair and Deceptive Trade Practices Act (UDTPA), N.C. Gen. Stat. §§ 75-1.1, *et seq.*, and for civil conspiracy. Plaintiff's claims arise from an alleged kickback scheme between defendants CrossCountry Mortgage (CrossCountry) and Raleigh Realty.

Plaintiff alleges that she engaged Raleigh Realty when looking to purchase a home in or near Hillsborough, North Carolina. [DE 18] ¶ 67. She was a Raleigh Realty client from October 2021 until she closed on her home in February 2022. *Id.* Plaintiff alleges that during the relevant time period she would have qualified for a 30-year fixed-rate loan with an interest rate of 3.625% or lower. *Id.* ¶¶ 68. However, plaintiff was told by her Raleigh Realty agent that they "were working with CrossCountry" for mortgage financing. *Id.* ¶ 69. Plaintiff ultimately received a 30-

year fixed-rate mortgage from CrossCountry for $347,000, with a 3.875% interest rate. *Id.* ¶ 72. Had plaintiff borrowed this amount with an interest rate of 3.625%, she would have saved approximately $20,000 over the life of the loan. *Id.* ¶ 74. Plaintiff was also required to pay CrossCountry a loan origination fee of $995, which she alleges she would not have had to pay or would have paid less to another mortgage lender. *Id.* ¶¶ 75-76. Plaintiff alleges that, but for defendants' unlawful agreement, she would not have had to pay as much in interest or fees for her mortgage. *Id.* ¶ 77.

Plaintiff alleges that CrossCountry entered into an agreement with Raleigh Realty and other realty companies wherein Raleigh Realty would refer its homebuying clients to CrossCountry for real estate settlement services involving federally regulated mortgage loans. *Id.* ¶¶ 6-7. Under the agreement between CrossCountry and Raleigh Realty, CrossCountry made recurring payments to Raleigh Realty which were disguised as payments for legitimate services but were, in fact, part of a kickback scheme in violation of RESPA, specifically 12 U.S.C. § 2607(a). *Id.* ¶¶ 5, 7. CrossCountry paid $15,000 per month to cover Raleigh Realty's marketing costs and in exchange for an exclusive referral arrangement. *Id.* ¶ 38. Plaintiff alleges that, under the kickback scheme, Raleigh Realty agents were required to exclusively use CrossCountry for mortgage financing for their home-buying clients. *Id.* ¶¶ 44-47.

## DISCUSSION

Both defendants have moved to dismiss the amended complaint for lack of subject matter jurisdiction and for failure to state a claim. Fed. R. Civ. P. 12(b)(1), 12(b)(6); *see Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (standard for considering motion under 12(b)(1)); *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (same); *Nadendla v. WakeMed*, 24 F.4th 299, 304-05 (4th Cir. 2022) (standard for considering motion under 12(b)(6)); *Bell Atl. Corp. v.*

2

*Twombly*, 550 U.S. 544, 555-56 (2007) (same). Defendants make the same or similar arguments in support of their motions, and the Court thus considers them together. Specifically, defendants argue that plaintiff lacks Article III standing to pursue her claims because she has not sufficiently alleged an injury in fact and that each of plaintiffs' claims are otherwise subject to dismissal pursuant to Rule 12(b)(6). The Court recently held, in a case involving the same claims against these defendants arising from the same alleged kickback scheme, that the plaintiff had, at this stage, sufficiently established Article III standing to pursue his claims and that the Court would not dismiss his claims under Rule 12(b)(6). *See VonBlohn v. CrossCountry Mortgage, et al.*, No. 5:25-cv-462-BO-RN, [DE 29] (E.D.N.C. July 7, 2026). The Court expressly incorporates herein its reasoning provided in that order. In this case, plaintiff has also sufficiently alleged Article III standing based on the increased costs she has and will pay due to defendants' alleged "interference with the market for settlement services." *Baehr v. Creig Northrop Team, P.C.*, 953 F.3d 244, 254 (4th Cir. 2020). The Court further denies the motion to dismiss on Rule 12(b)(6) grounds for the reasons discussed in its decision in *VonBlohn*.

## CONCLUSION

Accordingly, for the foregoing reasons, defendants' motions to dismiss [DE 20]; [DE 22] are DENIED.

SO ORDERED, this ⟋⟋⟋ day of July 2026.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3